UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 14-21403-CIV-LENARD/GOODMAN

LISA N. ROY,

    Plaintiff,

vs.

USA GOVERNMENT; AEREO TV ANTENNA,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO PROCEED**

<u>***IN FORMA PAUPERIS***</u> **AND MOTION FOR APPOINTMENT OF COUNSEL**

    This Cause is before the Undersigned on the District Court's referral [ECF No. 5] of Plaintiff Lisa N. Roy's ("Roy") motion for leave to proceed *in forma pauperis* and motion for the appointment of counsel [ECF Nos. 3; 4]. For the reasons outlined below, the Undersigned **respectfully recommends** that the District Court **deny Roy's Motion to Proceed** *in Forma Pauperis,* **dismiss Roy's Complaint, with prejudice**, as frivolous pursuant to 28 U.S.C. § 1915, and **deny Roy's Motion to Appoint Counsel as moot**.

**I.    BACKGROUND**

    Roy's Complaint, filed on April 18, 2014, consists of two separate court forms, each from the Northern District of New York. [ECF No. 1]. The first is titled "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," and the second is titled, "Complaint

Pursuant to the Americans with Disabilities Act." The handwriting on the forms is mostly illegible, though it is clear that Roy lists a contact address in Staten Island, New York and directs the reader to "see attached" in reference to her case facts, cause of action, and prayer for relief. [ECF No. 1, pp. 1-7].

The Complaint includes four exhibits, totaling 149 pages. [ECF Nos. 1-2 to 1-5]. Neither the exhibits, nor the unnumbered pages within them, are in any discernible order. While the exhibits contain many pages of handwriting, they also contain a variety of other documents, such as cable bills, a lease, letters in response to an Internal Revenue Service inquiry, an affidavit with no apparent connection to this case, correspondence related to a worker's compensation claim, and random newspaper articles, to name a few. There is neither any discernable rationale for these documents' inclusion with the Complaint, nor any obvious connection between the documents themselves. In addition, every page of the Complaint and exhibits is covered with illegible handwritten notes jotted at all angles. While careful review of the exhibits reveals a few minor facts about Roy, the documents are largely unintelligible.

## II. LEGAL STANDARD

28 U.S.C. § 1915, which governs *in forma pauperis* proceedings, states in pertinent part:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, **the court shall dismiss the case at any time if the court determines that** –
>     (A) the allegation of poverty is untrue; or

>   (B) the action or appeal –
>   **(i) is frivolous or malicious;**
>   **(ii) fails to state a claim on which relief may be granted; or**
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

(emphasis added).

Under § 1915, the court may screen the complaint to make certain it states a claim for relief. *Citron v. Niche Media/Ocean Drive Magazine,* No. 10-21014-Civ, 2011 WL 381939, at *1 (S.D. Fla. Feb. 2, 2011). In determining whether a complaint should be dismissed for failure to state a claim, a plaintiff must provide "more than labels and conclusions," and the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "When it appears that on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate." *Brown v. Potter*, No. 10-60861-Civ, 2010 WL 2670980, at *1 (S.D. Fla. June 4, 2010), *report and recommendation adopted*, No. 10-60861-Civ, 2010 WL 2670981 (S.D. Fla. June 28, 2010).

"Although courts liberally construe *pro se* pleadings, when a plaintiff proceeds *in forma pauperis*, § 1915 grants courts the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual allegations are baseless." *Silber v. Walgreens,* No. 11-23675-Civ, 2012 WL 201759, at *1 (S.D. Fla. Jan. 23,

2012) (internal citations and quotations omitted) (dismissing *pro se* plaintiff's complaint for discrimination with prejudice). While pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), a court has no duty to "re-write" a plaintiff's complaint to find a claim, *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). A complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In weighing frivolousness, a court may consider a plaintiff's "history of bringing unmeritorious litigation." *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001).

### III.  ANALYSIS

No cause of action is discernable in the Complaint, the Civil Cover Sheet, or the exhibits to the Complaint.  As described above, Roy's Complaint forms say "see attached" in the spaces designated for "facts," "causes of action," and "prayer for relief." [ECF No. 1, pp. 1-7]. The Complaint's four exhibits total 149 pages and are each comprised of seemingly unrelated personal and business documents, marked-up with mostly-illegible pen strokes, and interspersed with many pages of handwritten material. What is legible from the handwritten pages can only be described as a stream of conscious rambling in note-taking format.  The actual handwritten text on each page is in various sizes and odd groupings, and runs at irregular angles.

This is not the first time that Roy has filed a case like this. Roy filed a complaint similar in form, though against different defendants, in the Eastern District of New York on March 21, 2014. *Roy v. Supreme Court of U.S.*, No. 14-CV-1960 NGG LB, 2014 WL 1514627, at *1 (E.D.N.Y. Apr. 16, 2014). Her complaint in that case also contained, as its first page, a generic complaint form from another district that was "scrawled with various handwritten notations, mostly illegible." *Id.* In dismissing her case as frivolous, Eastern District of New York District Judge Garaufis noted the reference in the complaint to the Reverend Dr. Kamal K. Roy, as well as the overwhelming similarities between the complaint and the many complaints previously submitted by one Kamal Karna Roy. *Id.* at *2.

As Judge Garaufis noted, Kamal K. Roy has an extensive history of litigation in federal courts across the country, and is now barred from filing new *in forma pauperis* actions in the Eastern District of New York without first obtaining leave of the court. *See Roy v. Democratic Republic of USA*, No. 08-CV-1257 (DLI), 2008 WL 3413898 (E.D.N.Y. Aug. 8, 2008) (directing the Clerk of Court to return to Mr. Roy, without filing, any *in forma pauperis* action that is received from Mr. Roy without an application seeking leave to file); *see also Roy v. United States*, No. 06-CV-685 (SLR), 2007 WL 1109296, at *1 (D. Del. Apr. 11, 2007, as amended Apr. 24, 2007) (summarizing Kamal K. Roy's nationwide history of litigation); *Roy v. Doe*, No. 13-CV-1757, 2013 WL 3246083 (S.D. Tex. 2013)

(describing a filing by Kamal K. Roy and noting it included correspondence from Lisa Roy, the plaintiff here).

Here, just like in Roy's recently dismissed Eastern District of New York case, Roy's Complaint also makes reference and shares "overwhelming similarities" with the multiple filings submitted by "The Rev. Dr. Kamal K. Roy." [ECF No. 1-2, pp. 10, 12]. And, in form and substance, the Complaint here is nearly identical to that recently filed, and then dismissed, in the Eastern District of New York. As in these other cases, Roy's Complaint contains no cognizable claim, or even an intelligible sentence. The Undersigned recommends that the instant case be dismissed, with prejudice. In addition, because the Undersigned is recommending that the case be dismissed with prejudice, the Undersigned is recommending that the Motion to Appoint Counsel be denied as moot.[1]

## IV.  CONCLUSION

Because Roy's Complaint lacks an arguable basis in law or in fact, and given that it appears to be yet another in a long line of unintelligible and unfounded lawsuits brought by Roy or Kamal K. Roy, Roy's complaint is frivolous. The Undersigned

---

[1] The Motion to Appoint Counsel should also be denied because there is no provision in the law for an appointment in a case such as this. *Mallard v. U.S. Dist. Court for the S. Dist. Of Iowa*, 490 U.S. 296 (1989). This is a civil action, not a criminal case in which the Sixth Amendment guarantees an indigent defendant full access to the public purse to assure justice. While under compelling circumstances the Court can request a lawyer to represent an indigent civil plaintiff pursuant to 28 U.S.C. § 1915(e)(1), this is clearly not such a case.

**respectfully recommends** that the District Court **deny Roy's Motion to Proceed** *in Forma Pauperis,* **dismiss Roy's complaint, with prejudice**, as frivolous pursuant to 28 U.S.C. § 1915, and **deny Roy's Motion to Appoint Counsel as moot**.

V. **OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have **14** days after being served with a copy of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each Party may file a response to the other Party's objection within **7** days of the objection. Failure to timely file objections shall bar the parties from a de novo determination by the District Court of an issue covered in this Report and Recommendations and from attacking on appeal the factual findings contained herein. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988)).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, this 10th day of July, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Joan A. Lenard

All counsel of record

**Lisa N. Roy**
PO Box 10-439
Staten Island, NY 10301
PRO SE